PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
William D. Bierman, Esq.
Rick A. Steinberg, Esq.
wbierman@pricemeese.com
rsteinberg@pricemeese.com

Attorneys for Plaintiff, ITS National, LLC

<div align="center">UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY</div>

| | |
|---|---|
| ITS NATIONAL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> INFINITY CARGO CORP., <br><br> Defendant. | Civil Action No. <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff, ITS National, LLC ("Plaintiff" or "ITS"), a licensed property broker, MC-767803-B, by its attorneys, Price Meese Shulman & D'Arminio, P.C., by way of Verified Complaint against Defendant, Infinity Cargo Corp. ("Defendant" or "Infinity"), a licensed motor carrier whose MC number is DOT 3838068, avers as follows:

<div align="center">**JURISDICTION AND VENUE**</div>

1.      This Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a citizen of the States of Delaware and Nevada, the states of its formation and principal place of business, respectively; and, Defendant is a citizen of the State of New Jersey, its state of incorporation and principal place of business. The matter in controversy exceeds $75,000.00, based

on the value of the cargo unlawfully being held by Defendant that belongs to Plaintiff and/or its customers.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because it is where the claim arose and/or because Defendant resides or does business in the district.

## PARTIES

3. Plaintiff is a Delaware corporation with its principal place of business at 50 W. Liberty Street, Suite 203, Reno, Nevada 89501.

4. Defendant is a New Jersey corporation with its principal place of business at 77 Fillmore Street, Newark, New Jersey 07105.

## BACKGROUND FACTS

5. On or about March 29, 2022, ITS, as broker, entered into a Carrier Transportation Contract (the "Contract") with Infinity, as carrier. A copy of the Contract is attached hereto as Exhibit "A."

6. Paragraph 32 of the Contract provides that venue for any legal action arising under the Contract shall be in Washoe County, Nevada.

7. While Washoe County, Nevada is the proper venue for this action, Defendant's actions of improperly withholding the personal property of third parties and containers in its yard in Newark, New Jersey has required Plaintiff to file the instant action in New Jersey to seek the immediate release of the property identified below.[1]

8. Paragraph 23 of the Contract states that "CARRIER shall have no lien, and hereby expressly waives its right to any lien, on any cargo or other property of BROKER or its customers."

---

[1] Upon release of the subject containers, Plaintiff will request that this Court transfer the entire matter to the United States District Court, District of Nevada (Reno) located in Washoe County, Nevada. Upon transfer, the parties can properly litigate the pending monetary damages claims in Washoe County, Nevada pursuant to the requirements of Paragraph 32 of the Contract.

9. Despite the lien waiver clause in the Contract, Infinity is unlawfully holding cargo and containers belonging to ITS or its customer(s), specifically identified as follows:

   a. Empty Container at Defendant's Yard waiting to be returned:

- MRKU5386749- K+N- KEURIG AND DP

   b. Loaded 5 Containers that Defendant has in its possession at its yard:

- SUDU6823556- K+N- KEURIG AND DP
- TRHU4588988- K+N- KEURIG AND DP
- APZU4495144- K+N- Continental- additional dispatch
- HASU4545710- Bridgestone- additional dispatch
- MRKU5140734- Bridgestone- additional dispatch

   c. Container No. CAIU4621055 which was dropped at Plaintiff's customer's facility in Robinsville, New Jersey last week. Plaintiff is unaware whether it still contains cargo. The container must be returned to avoid detention charges.

10. Defendant has unlawfully detained Plaintiff's cargo and containers, despite demand for turnover of the cargo and containers.

11. Plaintiff is entitled to a judgment against Defendant and order for possession of the cargo and containers, along with monetary damages for the value of the cargo and containers.

## FIRST COUNT
### (Breach of Written Contracts)

12. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Defendant's unlawful detention of Plaintiff's and its customers' cargo and containers constitutes breach of contract.

14. Plaintiff has fully performed its obligations under the Contract, except those obligations, if any, which Plaintiff was excused from performing.

15. Plaintiff has demanded that Defendant release the cargo and containers pursuant to the lien waiver clause of the Contract, but the Defendant has refused to do so.

16. Consequently, Defendant is liable to plaintiff for the value of the cargo and containers, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
### (Conversion)

17. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Defendant's refusal to release the cargo and containers to Plaintiff or its representative constitutes a conversion of Plaintiff's property and its customers' property.

19. Defendant is liable to Plaintiff for damages for the value of Plaintiff's goods and its customers' goods and loss of use of the goods.

## THIRD COUNT
### (Replevin)

20. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

20. Defendant continues to wrongfully detain Plaintiff's goods or its customers' goods and continues to refuse to release the goods, despite demand for release of the goods made prior to this action.

21. Plaintiff or its representative are entitled to have the goods that belong to Plaintiff or its customers replevied from Defendant.

## FOURTH COUNT
### (Declaratory Judgment)

22. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Plaintiff is entitled to a declaratory judgment that the cargo and containers in Defendant's possession lawfully belong to Plaintiff and that Defendant is unlawfully detaining

them.

<p align="center"><u>FIFTH COUNT</u><br>(Attorney Fees)</p>

24. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. The Contract provides at Paragraph 10 that: "CARRIER shall defend, indemnify and hold BROKER and its' customers harmless from any claims, actions or damages, arising out of its' [sic] performance under this Agreement, including cargo loss and damage, theft, delay, damage to property, and personal injury or death …. <u>The obligation to defend shall include all costs of defense as they accrue</u>." (emphasis added)

26. Based on the terms of the Contract, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in attempting to obtain possession of its cargo and containers.

**WHEREFORE**, Plaintiff demands judgment against Defendant for possession of the cargo and containers and for monetary damages in an amount not less than $75,000.00, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

<div style="margin-left:3em;">
PRICE MEESE SHULMAN & D'ARMINIO, P.C.<br>
Attorneys for Plaintiff, ITS National, LLC<br><br>
By:   <u>/s/ Rick A. Steinberg</u><br>
        Rick A. Steinberg
</div>

Dated: November 15, 2022

<p align="center"><u>CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2</u></p>

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or

contemplated, and that no other parties should be joined in this action.

<div style="text-align:center">By:    /s/ Rick A. Steinberg</div>

Dated: November 15, 2022

## VERIFICATION

The information contained in the Complaint is true and correct to the best of my knowledge, information and belief.

Date: 11/15/22

_____
ADAM ANGLE