UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ITS NATIONAL, LLC,

    Plaintiff and Counter Defendant,

v.

INFINITY CARGO CORP., *et al.*,

    Defendant and Counter Claimant.

Case No. 3:23-cv-00389-MMD-BNW

ORDER

**I.    SUMMARY**

Plaintiff ITS National, LLC sued Defendant Infinity Cargo Corp. in the District of New Jersey to get Infinity to release cargo containers allegedly belonging to ITS or its customers. (ECF No. 1.) Infinity filed some counterclaims when it answered. (ECF No. 21.) The District of New Jersey transferred the case to this Court. (ECF Nos. 35, 36.) Before the Court is proposed Intervenor Defendant Matthew Transport LLC d/b/a Zoeva Logistics' motion to intervene.[1] (ECF No. 69 ("Motion").) Because Zoeva's proposed counterclaims against ITS are based on a different contract and commercial relationship than the relationship between ITS and Infinity at issue in this case, and as further explained below, the Court will deny the Motion.

**II.    DISCUSSION**

Zoeva seeks either intervention as of right under Fed. R. Civ. P. 24(a)(2) or permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). (ECF No. 69.) As to intervention as of right, Zoeva argues in pertinent part its motion is timely and it should be permitted to intervene because it has an ongoing business relationship with ITS, ITS owes it money, and ITS made defamatory allegations against both it and Infinity. (*Id.* at 6-7.) As to permissive intervention, Zoeva argues it should be permitted to intervene because it has

---

[1]ITS responded (ECF No. 72) and Zoeva replied (ECF No. 74).

similar counterclaims against ITS to Infinity's, and its counterclaims share common questions of fact with Infinity's, specifically, "Zoeva and Defendant, Infinity, have worked cooperatively to provide services to ITS that ITS has failed and refused to pay for." (*Id.* at 8.) ITS counters that the Court should deny the Motion because it has separate commercial relationships governed by separate contracts with Zoeva and Infinity, and it is otherwise insufficiently clear what common questions of law and fact are shared between Infinity and Zoeva's counterclaims against ITS. (ECF No. 72 at 2-3.) The Court agrees with ITS.

Beginning with intervention as of right, "[t]he party seeking to intervene bears the burden of showing that *all* [four of] the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original, citation omitted). One of those requirements is that the proposed intervenor must have, "a significant protectable interest relating to the property or transaction that is the subject of the action[.]" *Id.* Such an interest can be economic; "[t]o trigger a right to intervene, however, an economic interest must be concrete and related to the underlying subject matter of the action." *Id.*

Based on the evidence Zoeva filed with its Motion, Zoeva has had a commercial relationship since "in or about 2020" with ITS. (ECF No. 69-1 at 53.)[2] ITS' relationship with Infinity is governed by a contract they entered March 29, 2022. (*Id.*; *see also id.* at 58-63 (the contract).) Daniel Jordan, an employee of both Zoeva and Infinity, says those two companies are affiliated and have worked together transporting shipping containers for ITS. (*Id.* at 53-54.) A payment dispute arose between ITS on the one side, and Infinity and Zoeva on the other. (*Id.* at 54.) To resolve it, counsel for Zoeva and Infinity drafted an agreement (*id.* at 54-55), but only Zoeva and ITS are listed as parties to it (*id.* at 65, 68), and ITS never signed it in any event (*id.* at 68). ITS points out in response that its contracts with Infinity and Zoeva indicate they are distinct entities with different addresses

---

[2] Zoeva did not file a copy of its contract with ITS with its Motion (ECF No. 69-1), but ITS did with its response, indicating they signed the contract February 4, 2020 (ECF No. 72 at 15-20).

2

and different points of contact. (ECF No. 72 at 7; *see also id.* at 15-20 (contract between ITS and Zoeva), 22-27 (contract between ITS and Infinity).) An ITS employee, Roxie Holben, swears that these two contracts govern the relationships between ITS and Infinity, and ITS and Zoeva. (*Id.* at 29.)

ITS' Complaint against Infinity is based on its contract with Infinity, and primarily alleges breach of that contract. (ECF No. 1 at 2-4.) ITS did not sue Zoeva. (*See generally id.*; *see also* ECF No. 72 at 29 (affirming as such).)

Based on the evidence before the Court, ITS' relationship with Infinity is governed by a different contract than ITS' relationship with Zoeva. *See supra.* Infinity's counterclaims are necessarily based on its commercial relationship with ITS governed by that same contract, because ITS sued on its contract with Infinity. *See supra.* Since ITS' relationship with Zoeva is governed by a different contract, the subject matter of the dispute between Zoeva and ITS is different than the dispute between ITS and Infinity, and Zoeva lacks a significant protectable interest related to the contract between ITS and Infinity. *See Alisal*, 370 F.3d at 919-21 (affirming the district court's denial of a motion to intervene in part because the prospective intervenor's interest in the collectability of a debt was insufficiently related to the environmental enforcement action brought by the government that the prospective intervenor was attempting to intervene in); *Ironshore Indem. Inc. v. Kay*, No. 2:21-cv-01706-JAD-BNW, 2022 WL 293230, at *4 (D. Nev. Feb. 1, 2022) (finding intervention as of right was not warranted where the two parties in the case were parties to a contract that the prospective intervenor was not, and the issues the court had to decide required interpretation of the contract between the parties that the prospective intervenor was not a party to); *8th Wonder Pictures, LLC v. Clear Distribution LLC*, No. CV 21-726 DSF (JEMX), 2021 WL 2323726, at *3 (C.D. Cal. Apr. 27, 2021) (denying intervention as of right where the prospective intervenor was "an unsecured creditor that is not in privity of contract" with the parties to the case). The Court accordingly finds that intervention as of right is unwarranted here.

///

Turning to Zoeva's permissive intervention request, "the court may permit anyone to intervene who ... (B) has a claim or defense that shares with the main action a common question of law or fact." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (citing Fed. R. Civ. P. 24(b)(1)). "Generally, permissive intervention under Rule 24(b) requires '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Id.* (citation omitted). But "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted).

The Court exercises its discretion and declines to permit Zoeva to permissively intervene because Zoeva's proposed counterclaims against ITS are insufficiently related—either factually or legally—to ITS' claims against Infinity. While there appears to be some factual overlap between the dispute between Zoeva and ITS, and ITS and Infinity, their relationships are governed by different contracts that "will require separate analysis to determine" breach and the outcome of the related claims. *Ironshore Indem. Inc.*, 2022 WL 293230, at *5. Said otherwise, "[t]he claims generally involve separate questions of law and facts because they are based on two different contracts." *8th Wonder Pictures, LLC*, 2021 WL 2323726, at *4. *See also* supra (describing the evidence showing that there are two different contracts governing the pertinent relationships here). Moreover, the contract Zoeva proffers as evidence of common questions of law and fact is unsigned and only lists Zoeva—not Infinity—as a party in any event. (ECF No. 69-1 at 65, 68.) It accordingly does not tend to show what Zoeva argues it does.

In sum, the Court will deny the Motion because Zoeva has not shown it satisfies the factors governing either the mandatory or permissive intervention analyses. Zoeva may attempt to assert any claims it has against ITS in a new lawsuit. (ECF No. 72 at 3 (stating as such).) This preexisting case is not the appropriate vehicle for litigation of those claims.

///

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Zoeva's motion to intervene (ECF No. 69) is denied.

DATED THIS 7th Day of March 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE