**FENNEMORE CRAIG, P.C.**
Micheline Nadeau Fairbank, Esq. (NV Bar #8062)
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: (775) 788-2000
Facsimile: (775) 786-1177
Email: mfairbank@fennemorelaw.com

*Attorney for Defendant,*
*INFINITY CARGO CORP.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ITS NATIONAL, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INFINITY CARGO CORP.,<br><br>　　　　　Defendants.<br><br>INFINITY CARGO CORP.,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>ITS NATIONAL, LLC,<br><br>　　　　　Counterdefendant. | **CASE NO.**: **3:23-cv-00389-LRH-BNW**<br><br><br>**STIPULATION AND ORDER TO STAY DISCOVERY**<br><br>**(SECOND REQUEST)** |

Plaintiff/Counterdefendant ITS NATIONAL, LLC ("Plaintiff" or "ITS"), and Defendant/Counterclaimant INFINITY CARGO CORP. ("Defendant" or "Infinity" and collectively with Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to stay the discovery deadlines in the scheduling order pursuant to LR 26-3 with the Court's approval. This is the parties' second request in this litigation to extend said deadlines and the parties. The current scheduling order is on file herein as ECF No. 94. Based on the unexpected passing of Richard I. Dreitzer, lead counsel in this matter coupled with the withdrawal of Fennemore Craig, P.C., and current counsel, Micheline Nadeau Fairbank, the parties have agreed

1   to this stipulation.

2         On November 15, 2022, Plaintiff initiated this action in the United States District Court for the District of New Jersey. ECF No. 1. Defendant filed its answer and counterclaims on December 19, 2022. ECF No. 21. On December 23, 2022, non-party Mathew Transport, LLC d/b/a Zoeva Logistics ("Zoeva") filed a Motion to Intervene. ECF No. 25. Thereafter, Magistrate Judge James B. Clark, III of the United States District Court for the District of New Jersey filed an order on July 17, 2023, granting ITS's motion to transfer the instant case to the United States District Court for the District of Nevada and ordered Zoeva's Motion to Intervene to be administratively terminated pending reinstatement upon transfer. ECF No. 36. Zoeva reinstated its request on April 30, 2024, by refiling a Motion to Intervene. ECF No. 69. While that Motion to Intervene was pending, on May 30, 2024, this case was reassigned to this department. ECF No. 75. On September 20, 2024, and again on November 14, 2024, Orders were issued granting the Parties' stipulations to stay the case pending ongoing settlement discussions. ECF Nos. 78-82. On March 3, 2025, the stay in the case was lifted (ECF No. 87) and on March 7, 2025, an Order issued denying Zoeva's request to intervene in the matter. ECF No. 89. Thereafter, the Parties stipulated to the current discovery plan. ECF Nos. 91 & 92.

      On or around August 18, 2025, Ms. Fairbank appeared in this matter at the request of Mr. Dreitzer due to an unexpected illness. Ms. Fairbank's appearance was intended to be temporary to cover this matter until Mr. Dreitzer's return. Unfortunately, Mr. Dreitzer suddenly passed on September 15, 2025, and Ms. Fairbank was informed of his passing on September 16, 2026. As set forth in Fennemore's Motion to Withdraw as Counsel, following Mr. Dreitzer's passing, when communication with Infinity regarding his passing a material conflict of interest was identified, which necessitates counsel's withdrawal in this matter. ECF No. 97

      In order to minimize any potential prejudice from counsel's withdrawal, Ms. Fairbank communicated with counsel for Plaintiff to stipulate to stay discovery in this matter. Pursuant to those discussions, Plaintiff agrees to stipulate to the stay of all discovery deadlines for the same period in which it takes for Defendant to secure replacement counsel in this matter (i.e. up to 40 days).

## I.   COMPLETED DISCOVERY & PROCEDURAL HISTORY

On March 20, 2025, ITS served its Initial Disclosures. On May 19, 2025, Infinity served its Initial Disclosures, which were objected to by ITS on the basis that ITS asserted that Infinity's Initial Disclosures included invoices governed not only by the Infinity contract, but also by the Zoeva contract (which is not the subject of this litigation after the Court's denial of Zoeva's Motion to Intervene). After a meet and confer on the issue, the Parties agreed that Infinity would serve Amended Initial Disclosures, superseding its prior disclosures. On June 3, 2025, Infinity served its Amended Initial Disclosures, which ITS again objected to on the basis that there was continued disagreement regarding which invoices were properly under the Zoeva contract and which were properly under the Infinity contract. Specifically, ITS raised issues and concerns regarding allegations of alterations of invoices included in the Amended Initial Disclosures which are now the subject of a fully briefed Motion for Sanctions.

On April 10, 2025, ITS served a first set of written discovery in the form the Requests for Admission, Interrogatories, and Requests for Production. On May 27, 2025 and June 3, 2025, respectively, Infinity served its responses to ITS' first set of written discovery. On June 5, 2025, ITS served Infinity with a Meet and Confer letter concerning deficient discovery responses served by Infinity on June 3, 2025. No response was received by ITS to the June 5, 2025 Meet and Confer request. On August 15, 2025, ITS filed its Motion for Sanctions against Defendant Infinity Cargo Corp. EFC No. 95. Infinity opposed ITS's Motion on August 29, 2025. ECF No. 100. On September 19, 2025, ITS filed its Reply in support of its Motion for Sanctions. ECF No. 101. Therefore, ITS's Motion for Sanctions is fully briefed and submitted to this Court for its decision. Ms. Fairbank and Fennemore moved with withdraw as counsel of record on September 24, 2025. ECF No. 102.

## II.   DISCOVERY THAT REMAINS TO BE COMPLETED

Infinity intends to serve written discovery and to take the 30(b)(6) deposition of ITS. ITS intends to similarly take the deposition of Infinity's 30(b)(6) witness, along with supplemental written discovery which will be dependent on the resolution of the meet and confer process concerning Infinity's responses to ITS' first set of discovery responses. The Parties also anticipate

that experts will need to be retained, disclosed, and deposed.

### III.  REASON THAT THE DEADLINE WAS NOT SATISFIED

After denial of Zoeva's Motion to Intervene, there has been some discord between the Parties regarding which invoices are appropriately governed by the Zoeva contract (which is not the subject of this litigation) and which invoices are appropriately governed by the Infinity contract (which is the subject of this litigation).  Further, Mr. Sean Story, Mr. Dreitzer's co-counsel in this matter ceased his employment with Fennemore in early August 2025. Mr. Dreitzer, the lead counsel in this matter, requested Ms. Fairbank to appear to handle this matter temporarily, specifically ITS' Motion for Sanctions. Due to Mr. Dreitzer's sudden illness and death and Fennemore's withdrawal, the deadlines have not yet been satisfied.

### IV.  PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

ITS does not object to an extension that equals the duration of time it takes Infinity to secure new counsel (i.e. up to 40 days), and accordingly the new dates should be amended upon Infinity's new counsel appearing in this matter. However, Infinity's agreement in this regard does not prejudice it to seek leave of the Court should additional time be necessary in the professional judgement of Infinity's new counsel.  ITS's undersigned counsel does specifically reserve the right to oppose any further discovery extensions beyond the agreed upon extension of discovery deadlines during the time provided to Infinity to obtain new counsel.

Therefore, the Parties stipulate that this Court can, should the Court agree that good cause exists, extend stay the discovery in this case during the time the Court has provided Infinity to seek new counsel, i.e. 40 days.  Upon appearance by new counsel for Infinity, the Parties agree that this Court should extend the present deadlines by up to forty (40) days to account for the period of the stay. Thereafter, should Infinity's new counsel seek to extend the discovery deadlines further, they can bring a Motion and ITS, by and through its counsel, reserve the right to oppose the same based upon the facts and reservation of rights stated above.

///

///

///

Fennemore Craig, P.C.
Attorneys At Law
Las Vegas

61022316.1/069540.0001

DATED this 7th day of October, 2025.

**FENNEMORE CRAIG, P.C.**

By: */s/ Micheline Nadeau Fairbank*
    Micheline Nadeau Fairbank, Esq.
    7800 Rancharrah Parkway
    Reno, Nevada 89511
    *Attorney for Infinity Cargo Corp.*

DATED this 7th day of October, 2025.

**ROBINSON SHARP SULLIVAN & BRUST**

By: */s/ Michael A. Burke*
    Michael A. Burke, Esq.
    71 Washington Street
    Reno, Nevada 89503
    *Attorney for ITS National, LLC*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   October 8, 2025