# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ITS NATIONAL, LLC.,

      Plaintiff,

vs.

INFINTIY CARGO CORP.,

      Defendant.

CASE NO.: 3:23-cv-00389-MMD-BNW

**ORDER AND REPORT AND RECOMMENDATION**

Pending before this Court are two motions. First, Plaintiff's motion for sanctions. ECF No. 95. Next is Defendant's motion to stay the case. ECF No. 120. As explained in further detail below, this Court will recommend that any counterclaims against Plaintiff ITS be dismissed for failure to follow court orders. In turn, Plaintiff's motion for sanctions (at ECF No. 95) and Defendant's motion to stay the case (ECF No. 120) are denied as moot.

## I.   Procedural background

Plaintiff ITS National, LLC sued Defendant Infinity Cargo Corp. in the District of New Jersey to get Infinity to release cargo containers allegedly belonging to ITS or its customers. ECF No. 1. Infinity filed some counterclaims when it answered. ECF No. 21. The District of New Jersey transferred the case to this Court. ECF Nos. 35, 36. ITS represents that Infinity's counterclaims are the only operative claims.[1] ECF No. 121.

//

---

[1] It is not clear whether the parties settled the claims ITS brought against Infinity.

## II.    Legal Standard

"It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (cleaned up) (internal quotations omitted). When a business entity fails to retain counsel during litigation, the district court may enter default and default judgment against the entity as to the claims asserted against it. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). The district court may also dismiss any claims the unrepresented entity has brought against other parties. *C.E. Pope Equity Trust v. United States*, 818 F.2d at 696, 697 (9th Cir. 1987) (affirming dismissal of complaint filed by trust unrepresented by counsel).

Under Rule 41(b), a district court may dismiss an action, including a counterclaim, based upon the failure to prosecute, the failure to obey a court order, and the failure to comply with the Rules. Fed. R. Civ. P. 41(b)&(c). *Crandall v. Semillon Inc.*, No. 15CV1257-GPC(NLS), 2016 WL 4479397, at * 3 (S.D. Cal. Aug. 25, 2016); *see also*, LR IA 11-8(e).

Because dismissal is a harsh sanction, the district court must consider several factors before exercising its discretion to dismiss a case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).1 The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations omitted).

Counsel for Defendant Infinity moved to withdraw in September 2025. ECF No. 102. This Court held a hearing on October 6, 2025. ECF No. 106. Infinity's principal, Mr. Ospina, personally appeared. *Id*. This Court expressly ordered that Infinity retain new counsel within forty (40) days of the hearing. *Id.*

Infinity did not comply. Instead, Mr. Ospina emailed the Court seeking an additional ninety (90) days to retain counsel. ECF No. 112. This Court asked the clerk of court to docket such motion and ultimately gave Defendant another 30 days to find substitute counsel. ECF Nos. 112, 113, and 115. This Court explained it was not inclined to grant additional extensions and that failure to obtain counsel could result in a recommendation that the case be dismissed, as corporate entities cannot proceed without representation in federal court. ECF No. 115.

Thirty days passed, and Defendant did not obtain counsel. As a result, this Court issued an order for Defendant to show cause before January 20, 2026, why judgment should not be entered against it for failure to obtain an attorney.  ECF No. 119.

Rather than respond or have new counsel substitute in, on January 6, 2026, Mr. Ospina filed a "Motion to Stay." ECF No. 120. He explains his former counsel passed away in September 2025 and that he had begun to contact potential replacement counsel. *Id*.

Mr. Ospina has been on notice as of October 6, 2025, (at the latest) of the need to obtain counsel. It is true that his counsel, Mr. Dreitzer, passed, but that was in *September of 2025*. Mr. Ospina was warned of the possible consequences should he fail to retain counsel. One hundred and twelve days later, Infinity continues to be unrepresented by counsel. In short, Defendant has been afforded several opportunities to obtain counsel in this case. Defendant has not done so. The failure to comply with the order to retain

counsel has interfered with the Court's ability to hear this case (i.e. the hearing on the motion for sanctions had to be continued), disrupted the Court's timely management of its docket, and wasted judicial resources. While there is an interest in resolving cases on the merits, there is also an interest in expeditious resolution of litigation. Sanctions less drastic than dismissal are unavailable because Defendant has been unable or unwilling to comply with the order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel. As a result, this Court recommends that the counterclaims against Plaintiff be dismissed without prejudice.

### III.   Conclusion

IT IS RECOMMENDED that the counterclaims against Plaintiff ITS be dismissed without prejudice.

IT IS ORDERED that Plaintiff's motion for sanctions (ECF No. 95) is DENIED as moot (with leave to re-file if this report and recommendation is not adopted).

IT IS ORDERED that Defendant's motion to stay (ECF No. 120) is DENIED as moot.

IT IS ORDERED that Plaintiff file a status report, no later than February 6, 2026, indicating whether its claims against Infinity have been settled and whether this case can be closed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 26, 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE